```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                           Criminal Action No. 1:11CR51-4
                                                   (Judge Keeley)

**ANTOINE GILES,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTIONS FOR COMPASSIONATE RELEASE [DKT. NOS. 364, 371]**

Pending are two motions for compassionate release filed by the defendant, Antione Giles ("Giles") (Dkt. Nos. 364, 371). For the reasons that follow, the Court **DENIES** his motions.

## I. BACKGROUND

On October 4, 2011, a grand jury named Giles in three counts of an eight-count superseding indictment related to the assault and death of Giles's fellow inmate at United States Penitentiary Hazelton ("USP Hazelton") (Dkt. No. 144).[1] Specifically, it charged him with conspiracy to commit assault within a territorial jurisdiction of the United States, in violation of 18 U.S.C. § 371 ("Count One"); aiding and abetting assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 2, 113(a)(6) ("Count

---

[1] Giles committed the instant offense while serving a 120-month sentence imposed by the United State District Court for the Middle District of North Carolina for possession for possessing with the intent to distribute cocaine base (Dkt. No. 371 at 1).

**UNITED STATES v. GILES**                                                           **1:11CR51-4**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTIONS FOR COMPASSIONATE RELEASE [DKT. NOS. 364, 371]**

Two"); and providing a false statement and representation, in violation of 18 U.S.C. § 1001(a)(2). Id.

Pursuant to a binding plea agreement, Giles pleaded guilty to Counts One and Two on September 13, 2012 (Dkt. No. 242). In accord with this agreement, the Court sentenced Giles to 60 months of imprisonment on Count One and 120 months of imprisonment on Count Two, for a total of 180 months of imprisonment (Dkt. No. 244). The Court ordered that sentence to run consecutive to Giles's sentence from the Middle District of North Carolina. Id.

Currently, Giles is incarcerated at Federal Correctional Institute Ray Brook ("FCI Ray Brook") and has a projected release date of March 30, 2029.[2] On June 6, 2022, he filed a motion pursuant to 18 U.S.C. § 3582 seeking compassionate release (Dkt. No. 364).

## II. APPLICABLE LAW

Once imposed, a court may only modify a term of imprisonment in limited circumstances. See United States v. McCoy, 981 F.3d 271 (4th Cir. 2020). One of those circumstances is compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which permits a court to reduce a term of imprisonment if (1) a defendant exhausts

---

[2] See Federal Bureau of Prisons, https://bop.gov/inmateloc/ (results for Register No. 07976-087) (last visited September 30, 2022).

2

**UNITED STATES v. GILES**  1:11CR51-4

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTIONS FOR COMPASSIONATE RELEASE [DKT. NOS. 364, 371]**

all administrative remedies; (2) an extraordinary and compelling reason for a sentence reduction exists; and (3) a sentence reduction is consistent with all relevant sentencing factors listed in 18 U.S.C. § 3553(a). See United States v. High, 997 F.3d 181, 185-86 (4th Cir. 2021).

### III. DISCUSSION

After considering the parties' arguments, the Court concludes that Giles has failed to establish extraordinary and compelling reasons for his compassionate release. And even if he could do so, his release would be inconsistent with the factors set forth in 18 U.S.C. § 3553(a)

**A.  Administrative Exhaustion**

A defendant who moves for compassionate release must "exhaust his remedies with his warden and the BOP before filing his own motion for compassionate release." McCoy, 981 F.3d at 283. This non-jurisdictional requirement is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on [his] behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of [his] initial request to file a motion in

3

**UNITED STATES v. GILES**                                                        **1:11CR51-4**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S**
**MOTIONS FOR COMPASSIONATE RELEASE [DKT. NOS. 364, 371]**

the district court." United States v. Muhammad, 16 F.4th 126, 131 (4th Cir. 2021).

Giles submitted an administrative request for compassionate release to the warden at FCI Ray Book on April 25, 2022 (Dkt. No. 374-1). Because he received no response within thirty (30) days, Giles filed his motion for compassionate release with the Court on June 6, 2022 (Dkt. No. 364). On June 24, 2022, the warden at FCI Ray Brook denied Giles's administrative request for release (Dkt. No. 374-1). Based on this history, it is undisputed that Giles has satisfied the administrative exhaustion requirement of § 3582(c)(1)(A).

**B.   Extraordinary and Compelling Reasons**

Title 18 U.S.C. Section 3582 does not define the term "extraordinary and compelling," but instead requires that any sentence reduction be consistent with the applicable policy statements of the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(ii); 28 U.S.C. § 944(t) (directing the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction"). In United States v. McCoy, however, the Fourth Circuit observed that "[t]here is as of now no applicable policy statement governing compassionate-

4

**UNITED STATES v. GILES**                                                  **1:11CR51-4**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTIONS FOR COMPASSIONATE RELEASE [DKT. NOS. 364, 371]**

release motions filed by defendants under the recently amended 18 U.S.C. § 3582(c)(1)(A)." 981 F.3d at 284 (internal quotation omitted). Thus, "district courts are empowered . . . to consider <u>any</u> extraordinary and compelling reason for release that a defendant might raise," but the policy statements "remain[] helpful guidance." <u>Id.</u> at 282 n.7 (emphasis in original).

Giles argues that his medical conditions and the environment at FCI Ray Brook in light of the COVID-19 pandemic constitute extraordinary and compelling reasons for his release.[3] Following careful review, the Court disagrees.

### 1. Medical Conditions

The mere existence of COVID-19 in a society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering the BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." <u>United States v. Raia</u>, 954 F.3d 594, 597 (3d Cir. 2020). Significantly, this is so even if the facility where the inmate is incarcerated has

---

[3] Giles raised these grounds in his pro se motion, and his attorney found "nothing additional to add" (Dkt. No. 371).

**UNITED STATES v. GILES** 1:11CR51-4

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTIONS FOR COMPASSIONATE RELEASE [DKT. NOS. 364, 371]**

experienced an outbreak of COVID-19. United States v. Williams, 2020 WL 5097490, at *3 (M.D.N.C. Aug. 28, 2020) (collecting cases).

Nevertheless, an inmate's particularized susceptibility to COVID-19, and a particularized risk of contracting the virus at his prison facility, may constitute an extraordinary and compelling reason justifying compassionate release. United States v. Colleton, 2022 WL 18500, at *1 (4th Cir. Jan. 3, 2022) (citing United States v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020). In determining whether an inmate is particularly susceptible to COVID-19, courts rely on risk factors identified by the Centers for Disease Control and Prevention ("CDC") to assess whether he has medical conditions which place him at an increased risk of severe illness from the virus. United States v. Petway, 2022 WL 168577, at *3 (4th Cir. Jan. 19, 2022); United States v. Johnson, 858 Fed. App'x 682 (4th Cir. 2021).

Giles does not point to any specific medical condition which may increase his COVID-19 related risk (Dkt. No. 364). According to the Government, his documented medical conditions include vitamin D deficiency, major depressive disorder, moderate anxiety disorder, unspecified disorder of nose and nasal sinuses, atopic dermatitis, and a tooth dislocation (Dkt. No. 374 at 3). None of

6

**UNITED STATES v. GILES** 1:11CR51-4

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTIONS FOR COMPASSIONATE RELEASE [DKT. NOS. 364, 371]**

these has been identified by the CDC as a condition that might increase Giles's risk of COVID-19 related illness and, thus, cannot constitute an extraordinary and compelling reason for his release.

### 2. COVID-19 Conditions at FCI Ray Brook

Even if Giles had a medical condition that might increase his susceptibility to COVID-19, extraordinary and compelling reasons do not exist for his release because he does not have a particularized risk of contracting COVID-19 at FCI Ray Brook. As of September 30, 2022, there are zero (0) active inmate cases and two (2) active staff cases of COVID-19 at the facility.[4] Further, the BOP has been aggressively vaccinating its staff and inmates. As of September 30, 2022, at FCI Ray Brook, there are 624 inmates who are fully vaccinated. This includes Giles, who has received three doses of a COVID-19 vaccine (Dkt. No. 374 at 4). Accordingly, Giles's risk of exposure to COVID-19 at FCI Ray Brook is low and may continue to decline as even more staff and inmates are vaccinated and receive booster shots.

Giles also contends that service of his sentence has been more onerous than intended because certain COVID-19 related

---

[4] Federal Bureau of Prisons, COVID-19 Cases, bop.gov/coronavirus/ (last visited September 30, 2022).

**UNITED STATES v. GILES**                                                          **1:11CR51-4**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S**
**MOTIONS FOR COMPASSIONATE RELEASE [DKT. NOS. 364, 371]**

restrictions have impacted his incarceration (Dkt. No. 364 at 2-3). It is true that, in response to the COVID-19 pandemic, the BOP implemented infection prevention procedures to mitigate the risk and spread of the virus in its facilities, including some modifications to inmate programming and services.[5] Id. Currently, in response to COVID-19, the BOP categorizes FCI Ray Brook as a Level 2 facility,[6] which has necessitated moderate operational changes. Id. For example, visitation is limited to non-contact visits; inmates must practice social distancing and wear facial coverings indoors; and occupational capacity is limited in some spaces. Id. These emergency operating procedures were informed by the guidance the BOP received from the Centers for Disease Control, the Occupational Safety and Health Administration, and the Department of Justice. Id.

All of these efforts have significantly lowered Giles's risk of exposure to COVID-19 at FCI Ray Brook. Thus, the Court concludes that, based on the BOP's informed and successful efforts to curtail

---

[5] Federal Bureau of Prisons, COVID-19 Modified Operations Plan & Matrix, https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last visited September 30, 2022).

[6] BOP facilities "determine their operational level (Level 1, Level 2, or Level 3) based on the facilities' COVID-19 medical isolation rate, combined percentage of staff and inmate completed vaccinations series, and their respective community transmission rates." Id.

**UNITED STATES v. GILES**                                          **1:11CR51-4**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTIONS FOR COMPASSIONATE RELEASE [DKT. NOS. 364, 371]**

the spread of the COVID-19 virus within its facilities and to protect its staff and inmates no extraordinary or compelling reason exists to reduce Giles's sentence.

**C.   Section 3553(a) Factors**

Even if Giles could establish extraordinary and compelling reasons for his compassionate release, the Court must weigh and consider the § 3553(a) factors to determine whether a sentence reduction is appropriate in his case. High, 997 F.3d at 185-86. Any decision to reduce an inmate's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) must be consistent with the relevant sentencing factors that require the Court to impose a sentence "sufficient, but not greater than necessary" to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a). Relevant factors include the nature and circumstances of the offense, the defendant's history and characteristics, and whether the sentence imposed reflects the seriousness of the offense, promotes respect for the law, deters criminal conduct, and protects the public from future crime. Id.

The violent nature of Giles's offense that resulted in the death of his fellow inmate weighs heavily against his release. While incarcerated at USP Hazelton, he and his co-defendants attacked a fellow inmate, J.M. (Dkt. No. 242 at 5). During this

9

**UNITED STATES v. GILES**                                               **1:11CR51-4**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTIONS FOR COMPASSIONATE RELEASE [DKT. NOS. 364, 371]**

attack, Giles and another co-defendant stabbed J.M. several times while others restrained him. Id. J.M. received multiple stab wounds, including a fatal wound to the heart. Id. at 6. Although Giles's plea agreement recognized his potential criminal liability for first degree murder and the corresponding sentence of death (Dkt. No. 237), the Government chose to forego such charges in exchange for the binding plea agreement in this case. Id.

In addition to the nature and circumstances of his offenses in this case, Giles's other criminal convictions demonstrate a pattern of violence and disrespect for the law. These convictions include attempted resisting arrest, felony robbery in the second degree, felony robbery in the first degree while displaying a firearm, felony aggravated harassment; and possession with intent to distribute cocaine base (Dkt. No. 374 at 12-13). And this pattern has continued while Giles has been incarcerated as he has incurred twenty-one (21) disciplinary infractions, nine (9) of which he incurred while serving this Court's sentence. Id. at 13.

Accordingly, even after crediting Giles's participation in programming while incarcerated and preparation of a release plan, the severity of his instant offense as well as the extent of his prior violent criminal conduct counsels against his early release.

**UNITED STATES v. GILES** 1:11CR51-4

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTIONS FOR COMPASSIONATE RELEASE [DKT. NOS. 364, 371]**

And, as he has served approximately 65% of his total sentence, any reduction would result in a sentence insufficient to promote respect for the law, deter future criminal conduct, and provide adequate punishment for his offense.

### IV. CONCLUSION

The Court therefore **DENIES** Giles's motions for compassionate release without prejudice (Dkt. Nos. 364, 371).

It is so **ORDERED.**

The Clerk **SHALL** transmit copies of this Order to Giles by certified mail, return receipt requested, and to counsel of record by electronic means.

It is so **ORDERED.**

The Clerk **SHALL** transmit copies of this Order to counsel of record.

DATED: September 30, 2022

/s/ Irene M. Keeley
Irene M. Keeley
UNITED STATES DISTRICT JUDGE